## STEVE BOHAY v. STATE.

No. A-7810.  Opinion Filed July 11, 1931.
Rehearing Denied July 28, 1931.
(1 Pac. [2d] 804.)

Martin & Martin and O. M. Fergerson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of rape in the second degree, and his punishment fixed by the court at imprisonment in the state penitentiary for five years.

The evidence of the state was that the prosecutrix, Nina Botone, was a female under the age of 16 years and not the wife of Steve Bohay, the defendant; that they were both Indians; that they attended a ball game near Gotebo on June 19, 1929, between an Indian club and a white club; that after the game was over the defendant, the prosecutrix, Hattie Wolf, and Henry Tointigh left the place where the ball game was played and went into the town of Gotebo and from there to the Wolf home; that they left the Wolf home and went to Lawton, where three of them had lunch and all of them attended a picture show; that after the show they left Lawton for their homes, going by way of Medicine Park; that

they drove out into the preserve about two miles, where the defendant had the car stopped; that all four of them were riding in a Chevrolet coupe; that the Wolf girl and Henry Tointigh got out of the front seat and sat on the back end of the car, and defendant and the prosecutrix sat in the car for some half hour; that defendant bit the prosecutrix on the neck during the time they were in the car; that defendant asked the Wolf girl and Tointigh to get out and sit in the front, and the defendant and prosecutrix got out of the car and were away from the car from 25 to 30 minutes. Up to this point there is no controversy as to what occurred, defendant admitting that he and the prosecutrix got out of the car and that they remained out for some time. The prosecutrix testified that when they got out of the car defendant pushed her away from the car and down the road for some distance and threw her on the ground and by force accomplished the act of sexual intercourse with her.

The prosecutrix complained to her mother the next day, and upon being taken to the county attorney's office, a physician was called and made an examination and testified that the physical condition of the girl indicated that something had happened to her recently. The prosecutrix is corroborated by the testimony of Hattie Wolf, Henry Tointigh, and the defendant as to all except the actual act of intercourse.

While defendant was testifying for himself, his counsel asked him:

"Q. I will ask you—you are charged here with the crime of rape, with an act of sexual intercourse with Nina Botone. I will ask you if you had any intercourse with her on that occasion? A. I don't believe I did."

The evidence being clear and practically undisputed, the case must be affirmed unless the errors complained of by the defendant are sufficient to require a reversal.

Defendant contends first that the information is insufficient to charge an offense, and that it was error for the court to overrule his demurrer to the same.

Section 1834, C. O. S. 1921, provides:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First. Where the female is under the age of sixteen years."

The information in the case at bar is substantially the same as that in the second count of Wines v. State, 7 Okla. Cr. 455, 124 Pac. 466, 468, which was by this court held to be sufficient.

Defendant complains of the instructions given by the court.

An examination of the record discloses that the instructions are the usual ones given in cases of this character and are as favorable to the defendant as the facts in the case would warrant.

The evidence being sufficient to support the verdict of the jury and no substantial error appearing upon the record, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.